UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| SONIA BRAUN-SALINAS and GUILLERMO SALINAS, husband and wife, and ESTER MACEDO, individually, | Case No.: 3:13-CV-00264-AC |
| | OPINION AND ORDER |
| Plaintiff, | |
| v. | |
| AMERICAN FAMILY INSURANCE GROUP d/b/a AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a foreign business corporation, | |
| Defendant. | |

ACOSTA, Magistrate Judge:

*Introduction*

Plaintiffs Sonia Braun-Salinas, Guillermo Salinas, and Ester Macedo (collectively "Plaintiffs"), ask the court to reconsider the dismissal of Plaintiffs' claim for breach of the duty of good faith and fair dealing based on newly discovered evidence. The court finds the interlocutory

judgment entered in this court and the acceptance of the appeal by the Ninth Circuit divests this court

of jurisdiction over the issues raised in Plaintiffs' motion and, if it had jurisdiction, it would not grant

the motion.  Accordingly, the court denies Plaintiffs' implied request for an indicative ruling that,

given the opportunity, the court  it would grant the motion or that the motion raises a substantial

issue.[1]  Plaintiffs' motion for reconsideration is denied as moot in light of the absence of jurisdiction.

*Background*

Plaintiffs seek payments under insurance policies issued to Salinas and Braun-Salinas by

defendant American Family Insurance Group ("American") for injuries sustained by Braun-Salinas

and Macedo in a motor vehicle accident.  American moved for partial summary judgment and on

April 4, 2014, this court granted summary judgment on Plaintiffs' Second Claim for Relief for

breach of the implied covenant of good faith and fair dealing.[2]  *Braun-Salinas v. American Family*

*Ins. Group*, No. 3:13-CV-002640AC, 2014 WL 1333731 (D. Or. April 1, 2014).

Plaintiffs filed a Notice of Appeal on April 30, 2014.  (Kocher-Moar Decl. Ex. 1.)  On May

20, 2014, the Ninth Circuit issued an order noting the "district's order challenged in this appeal may

not have disposed of the action as to all claims and all parties" and ordering Plaintiffs to either

dismiss the action or show cause why the action should not be dismissed.  *Braun-Salinas v.*

*American Family Ins. Group*, No. 14-35369, Order, ECF No. 4 (9th Cir. May 20, 2014).  In

---

[1]The parties have consented to jurisdiction by magistrate in accordance with 28 U.S.C. § 636(c)(1).

[2]The court also granted summary judgment on Plaintiffs' Third Claim for Relief for intentional infliction of emotional distress, Fourth Claim for Relief for negligent infliction of emotional distress, Fifth Claim for Relief for negligence *per se*; Salinas's claim for loss of services and consortium, and Plaintiffs' claims for emotional distress damages under their breach of contract claim.

response, Plaintiffs filed a motion in this court seeking entry of a final judgment under FED. R. CIV. P. 54(b) and for leave to appeal an interlocutory order pursuant to 28 U.S.C. § 1292(b). This court granted the motion on June 30, 2014. (Kocher-Moar Decl. Ex. 2.)  In an order dated October 23, 2014, the Ninth Circuit acknowledged the entry of the final judgment by this court cured the premature notice of appeal, denied Plaintiffs' petition for permission to appeal under 28 U.S.C. § 1292(b) as unnecessary, and set a briefing schedule requiring Plaintiffs to file an opening brief on December 1, 2014. (Kocher-Moar Decl. Ex. 3.)  At Plaintiffs' request, the Ninth Circuit extended the opening brief deadline to December 31, 2014. *Braun-Salinas*, Order, ECF No. 12 (Nov. 26, 2014).

Plaintiffs filed the instant motion on December 23, 2014.  This court set an abbreviated briefing schedule and oral argument for January 15, 2015.  On December 30, 2014, Plaintiffs filed a motion in the Ninth Circuit seeking a limited remand to allow this court to rule on the pending motion for reconsideration, a stay of the appellate proceedings until the pending motion is resolved, and for an extension of the opening brief deadline to January 29, 2015. *Braun-Salinas*, Appellant's Mot. for Limited Remand, ECF No. 13 (Dec. 30, 2014).    In the motion for limited remand, Plaintiffs represent this court's setting of the motion for limited reconsideration qualifies as a indicative ruling under FED. R. APP. P. 12.1.

*Preliminary Procedural Matter*

American argues that in light of the entry of the interlocutory judgment and the grant of the permission to appeal under 28 U.S.C. § 1292(b), and the Ninth Circuit's acceptance of the appeal, this court lacks jurisdiction to consider any matters addressed in, or related to, the interlocutory judgment. This court agrees. *See City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254

F.3d 882, 886 (9th Cir. 2001) ("[T]he filing of a notice of interlocutory appeal divests the district court of jurisdiction over the particular issues involved in that appeal . . . upon the issuance of an order by a court of appeals permitting an appellant to bring an interlocutory appeal.") The Ninth Circuit accepted the interlocutory appeal on October 23, 2014, divesting this court of jurisdiction on that date.

This, however, is not fatal to Plaintiffs' request for reconsideration. The court may consider Plaintiffs' motion as a request for an indicative ruling that it will entertain a Rule 60(b) motion despite the fact that an appeal is currently pending in the Ninth Circuit. Federal Rule of Civil Procedure 62.1 permits a district court to entertain a motion after an appeal has been filed upon the timely filing of a motion by a party seeking reconsideration of issues currently on appeal. Rule 62.1 provides that upon receipt of such motion, the court may:

(1) defer considering the motion;

(2) deny the motion; or

(3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

FED. R. CIV. P. 62.1(a). If the district court determines it either would grant the motion or that the motion raises a substantial issue, the party seeking reconsideration must promptly notify the appellate court of the district courts "indicative ruling". FED. R. CIV. P. 62.1(b). The district court may decide the merits of the motion for reconsideration if the court of appeal remands the action to the district court for that purpose. FED. R. CIV. P. 62.1(c).[3] While not specifically requested, the

---

[3]FED. R. APP. P. 12.1 is the complementary rule to FED. R. CIV. P. 62.1 which requires notice to the appellate court of the filing of a motion for indicative ruling in the district court and the entry of an order by the district court that it would grant the motion or that the motion raises substantial issues.

court views Plaintiffs' motion for reconsideration as a request for an indicative ruling and will consider such request below.

### Legal Standard

The Federal Rules of Civil Procedure do not explicitly discuss motions for reconsideration. *Allen v. Nw. Permanente, P.C.*, No. 3:12-cv-0402-ST, 2012 WL 5996935, at *1 (D. Or. Nov. 30, 2012). However, several rules contemplate a situation where the court may revisit prior decisions and order them amended, rescinded, or reversed. FED. R. CIV. P. 59(e), 60(b) (2014). A motion for reconsideration under FED. R. CIV. P. 59(e) must be filed within twenty-eight days after entry of the judgment while motions under FED. R. CIV. P. 60(b) must be filed within a reasonable time, with an outside limit of one year after entry of judgment for motions brought under subsections (1) through (3) of Rule 60(b). As Plaintiffs filed their motion for reconsideration more than twenty-eight days after the entry of the opinion which it seeks amended, only Rule 60(b) is applicable.

Rule 60(b)(2) specifically allows a court to reconsider a judgment when a party presents "newly discovered evidence that, with reasonable diligence, could not have been discovered [earlier]." A party relying on newly discovered evidence to support its request for reconsideration must establish that "the evidence (1) existed at the time of the trial, (2) could not have been discovered through due diligence, and (3) was 'of such magnitude that production of it earlier would have been likely to change the disposition of the case.'" *Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878 (9th Cir. 1990)(*quoting Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.*, 833 F.2d 208, 211 (9th Cir. 1987)). Evidence is not newly discovered if it was in the moving party's possession or the moving party could have, with due diligence, discovered and produced the evidence to the court prior to, or at the time of, the hearing. *Frederick S. Wyle Prof'l Corp. v. Texaco, Inc.*, 764 F.2d 604, 609

(9th Cir. 1985).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). In other words, motions for reconsideration should not be frequently made or freely granted.

*Discussion*

Plaintiffs seek reconsideration based on evidence recently discovered as a result of re-reviewing documents produced by American in December 2013. Plaintiffs concede the "newly-discovered" evidence was in their possession prior to the April 1, 2014, hearing on American's motion for partial summary. Plaintiffs' discovery of the evidence when re-reviewing the documents makes it clear that Plaintiffs, with due diligence, could have discovered the documents and presented them to the court either before, or at the time of, the hearing.

American produced over 8,000 documents in December 2013, after Plaintiffs filed their opposition to the partial summary judgment motion. Had Plaintiffs considered it impossible to adequately review the documents in the four months before the scheduled hearing, Plaintiff could have requested an extension of time to do so. No such request was filed. Instead, Plaintiffs sought to compel additional documents even though they were unable to adequately review the documents they already had in their possession.

The court finds it would not grant Plaintiff's motion for reconsideration or that the motion raises substantial issues which need to be addressed by the district. To the contrary, the court finds the extraordinary remedy of reconsideration is not justified and, if this court had jurisdiction to address the motion, it would be denied on its merits.

*Conclusion*

Plaintiffs' motion (#77) for reconsideration is DENIED as moot in light of the absence of jurisdiction.

DATED this 8th day of January, 2015.


                                        _____/s/ John V. Acosta_____
                                            JOHN V. ACOSTA
                                        United States Magistrate Judge